NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HOWARD JOHNSON INTERNATIONAL, INC., a Delaware Corporation | |
| Plaintiff, | Civil Action No. 13-7574 (ES) |
| v. | OPINION & ORDER |
| BKD INVESTMENTS, LLC, a California Limited Liability Company, | |
| Defendant. | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on Plaintiff Howard Johnson International, Inc.'s motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b). The motion is unopposed. Having considered Plaintiff's submissions, (D.E. No. 10), the Court hereby GRANTS Plaintiff's motion for default judgment.

**I.      FACTS**

On September 6, 2002, Plaintiff entered into a license agreement with Defendant BKD Investments, LLC ("BKD" or "Defendant") for the operation of a 58-room Howard Johnson lodging facility located in San Jose, California. (D.E. No. 1, Complaint ("Compl.") ¶ 9). BKD consists of two members, Pete Patel and Sam Patel. (*Id.* ¶¶ 3, 4, 5). Pursuant to the license agreement, Defendant was required to make periodic payments to Plaintiff for royalties, marketing, and other fees. (*Id.* ¶ 11). Furthermore, Plaintiff could terminate the agreement should Defendant fail to meet its financial obligations. (*Id.* ¶ 15).

On April 5, 2010 and March 2, 2011, Plaintiff notified Defendant that it was in breach of the license agreement and that Defendant had thirty days to cure its financial obligations or risk

1

termination.  (*Id*. ¶¶ 21, 22).  One month later, on April 7, 2011, Plaintiff terminated the license agreement and advised Defendant that it was required to pay liquidated damages pursuant to the terms of the license agreement.  (*Id.* ¶ 23).

On December 16, 2013, Plaintiff filed the Complaint.  (D.E. No. 1).  Plaintiff enlisted the services of Recon Management Group ("Recon") to effectuate service upon Defendant.  (D.E. No. 10-2, Certification in Support of Motion for Final Judgment by Default ("Cert.") ¶ 4).  Recon conducted preliminary research in order to locate viable addresses to serve Pete Patel and Sam Patel as principals of Defendant.  (Cert., Ex. A, Affidavit of Diligent Efforts ("Aff. Diligent Efforts") ¶ 2).  Following five separate attempts, Recon was unable to successfully serve Defendant.  (*Id.* ¶ 4).  Recon believed that Defendant, through its agents and principals, was attempting to evade service.  (*Id.* ¶ 7).  Therefore, on January 27, 2015, Plaintiff served Defendant with a copy of the Summons and Complaint via certified and regular mail.  (Cert. ¶ 6).

Plaintiff's Complaint contains five counts, respectively: (1) an accounting claim, (2) a breach of contract claim for liquidated damages in the amount of $129,388.64, (3) a claim for actual damages to be determined at trial, (4) a second breach of contract claim for recurring fees in the amount of $405,054.63, and (5) an unjust enrichment claim in the amount of $405,054.63. (*See* Compl.).  Plaintiff also seeks interest, attorneys' fees, and costs of suit.  (*Id.*).

The time for filing an answer has passed.  On March 10, 2014, Plaintiff requested an entry of default against Defendant.  (D.E. No. 6).  The Clerk of the Court entered default the next day. (D.E. dated 03/11/2014).  Plaintiff filed the instant motion on July 1, 2014.  (D.E. No. 10).  The motion is unopposed.

## II.     LEGAL STANDARD

"Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service; (2) whether a sufficient cause of action was stated; and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted).  A party seeking default judgment is not entitled to relief as a matter of right; "the Court may enter default judgment 'only if the plaintiff's factual allegations establish the right to the requested relief.'" *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012) (quoting *Nautilus Ins. Co. v. Triple C. Const. Inc.,* No. 10-2164, 2011 WL 42889, at *4 (D.N.J. Jan. 6, 2011) (internal quotation marks omitted)).

To determine whether granting default judgment is proper, the Court must consider the following three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa,* 210 F.3d 154, 164 (3d Cir. 2000).  "A meritorious defense is one which, 'if established at trial, would completely bar plaintiff's recovery.'" *Momah v. Albert Einstein Med. Ctr.,* 161 F.R.D. 304, 307 (E.D. Pa. 1995) (quoting *Foy v. Dicks,* 146 F.R.D. 113, 116 (E.D. Pa. 1993)).  Furthermore, a defendant's culpable conduct in allowing default is a relevant consideration for a district court.  *Farnese v. Bagnasco,* 687 F.2d 761, 764 (3d Cir. 1982).

## III.     DISCUSSION

First, the Court must determine whether there was sufficient proof of service of the Complaint and Summons upon Defendant.  Plaintiff, by way of certification, represents that copies of the Summons and Complaint were served upon Defendant via certified and regular mail pursuant to New Jersey Court Rule 4:4-4(b)(1)(C).  (D.E. No. 6, Request for Entry of Default ¶ 5).

Service of process upon a corporation is governed by Federal Rule of Civil Procedure 4(h)(1).  Rule 4(h)(1) states that service upon a corporation, partnership, or association may be effectuated "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by the law to receive service of process . . . ." Rule 4(e)(1) allows a plaintiff to serve a copy of the summons and complaint upon a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located."

Here, Plaintiff made numerous attempts to effectuate service upon Pete Patel and Sam Patel, the sole members of BKD. (*See* Aff. Diligent Efforts).  Service of process upon either member would have been sufficient in accordance with Rule 4(h)(1)(B).  However, after continued attempts, Plaintiff was unable to do so.  Thus, Plaintiff served Defendant via certified and regular mail in accordance with New Jersey Court Rule 4:4-4(b)(1)(C) which states that:

> If it appears by affidavit satisfying the requirements of R. 4:4-5(b) that despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this rule, then, consistent with due process of law, *in personam* jurisdiction may be obtained over any defendant . . . [by] mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and simultaneously, by ordinary mail to . . . a corporation, partnership or unincorporated association that is subject to suit under a recognized name, addressed to a registered agent for service, or to is principal place of business, or to its registered office.

Plaintiff has met these standards.  In an affidavit, Recon represented that despite diligent efforts, it was unable to effectuate service upon Defendant. (*Id.* ¶¶ 6, 7).  Plaintiff then served a copy of the Summons and Complaint upon Defendant by way of certified and regular mail at two addresses, one of which was the San Jose, California location of the guest lodging facility that was

the subject of the license agreement.  (*See* Cert., Ex. B). Therefore, Plaintiff properly effectuated service upon Defendant.

Second, the Court must determine whether Plaintiff stated a sufficient cause of action.  The Court begins this analysis with a review of jurisdiction and venue.  The Court has proper jurisdiction and venue over this case pursuant to the parties' choice of law and venue provisions contained in the license agreement.  (Compl., Ex. A ¶¶ 17.6.1, 17.6.3).  The parties' choice of law provision states that the license agreement is governed by the State of New Jersey.  (*Id.* ¶ 17.6.1). Furthermore, the parties agreed that the United States District Court for the District of Jersey would have proper venue for federal cases and controversies under the agreement.  (*Id.* ¶ 17.6.3). Therefore, this Court has proper jurisdiction and venue.

Next, the Court concludes that Plaintiff has sufficiently stated a cause of action for breach of contract.  In New Jersey, a plaintiff must allege three elements to state a breach of contract claim: "(1) a valid contract, (2) breach of that contract, and (3) damages resulting from that breach." *Ramada*, 2012 WL 924385, at \*3. The Second and Fourth Counts of the Complaint seek damages for breach of contract.  (Compl. ¶¶ 32, 33, 40–42).  Upon reading the Complaint as a whole, and accepting the facts as true, *see Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) ("A consequence of the entry of a default judgment is that 'the factual allegations of the complaint . . .will be taken as true.'" (internal quotation omitted)), it appears that: Defendant entered into a valid agreement with Plaintiff on September 6, 2002, (Compl. ¶ 9), Defendant subsequently breached the agreement on numerous occasions by failing to remit payment pursuant to the terms of the agreement, (*Id.* ¶ 20), and Plaintiff has been damaged by Defendant's breach in the amounts of $129,388.64 and $405,054.63, (*Id.* ¶¶ 32, 41).  Thus, the Court concludes that

Plaintiff has sufficiently stated a cause of action for breach of contract under the Second and Fourth

Counts of the Complaint.[1]

Finally, the Court must determine whether default judgment is proper. In order to do so,

the Court must address "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant

appears to have a litigable defense, and (3) whether defendant's delay is due to culpable

conduct." *Chamberlain,* 210 F.3d at 164. Plaintiff will be prejudiced if the default judgment is

not granted because Defendant has failed to comply with its financial obligations pursuant to the

license agreement. Furthermore, Defendant does not appear to have a litigable defense. Defendant

entered into a valid license agreement with Plaintiff and has subsequently failed to meet its

obligations under the agreement. Lastly, Defendant's delay is due to culpable conduct. Recon has

represented that Defendant was evading service of process. (Aff. Diligent Efforts ¶ 7). Moreover,

Plaintiff mailed Defendant a copy of the Summons and Complaint, which Defendant has failed to

respond to or defend against. Thus, the Court concludes that default judgment is proper.

The Court hereby enters default against Defendant for liquidated damages in the amount

of $129,388.64 pursuant to the Second Count of the Complaint and damages for recurring fees in

the amount of $405,054.63 pursuant to the Fourth Count of the Complaint.

As an additional matter, Plaintiff seeks attorneys' fees and costs of suit pursuant to the

terms of the license agreement. (Compl. ¶ 17). In particular, Plaintiff asserts that it has incurred

$3,900.00 in attorneys' fees and $650.85 in costs. (Cert. ¶¶ 10, 12). In support of these assertions,

---

[1] Based on the proposed order submitted by Plaintiff as an exhibit to the instant motion, (D.E. No. 10-1), Plaintiff has waived its claims for an accounting, actual damages, and unjust enrichment. Plaintiff's proposed order only entered judgment against Defendant for liquidated damages, recurring fees, interest on the liquidated damages and recurring fees, and attorneys' fees and costs. Therefore, the Court will not address Plaintiff's claims for an accounting, actual damages, and unjust enrichment.

Plaintiff submitted billing records and invoices.  Based on the submitted documents, the Court finds these amounts to be reasonable.

## IV.    CONCLUSION

Accordingly, IT IS on this 30th day of March, 2015,

**ORDERED** that Plaintiff Howard Johnson International, Inc.'s motion for default judgment, (D.E. No. 10), against Defendant BKD Investments, LLC is hereby GRANTED as to the Second Count and Fourth Count of the Complaint; and it is further

**ORDERED** that judgment is entered against Defendant in the amount of $129,388.64 for liquidated damages, in addition to pre-judgment interest up to the date this Order is signed; and it is further

**ORDERED** that judgment is entered against Defendant in the amount of $405,054.63 for recurring fees, in addition to pre-judgment interest up to the date this Order is signed; and it is further

**ORDERED** that Plaintiff is entitled to attorneys' fees in the amount $3,900.00 and costs in the amount of $650.85; and it is further

**ORDERED** that the Clerk of the Court may close this case.

*s/ Esther Salas*_____
**Esther Salas, U.S.D.J.**